**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOEL JAMES,** | **:** | |
| **Petitioner** | **:** | **CIVIL ACTION NO. 3:17-0197** |
| **v** | **:** | **(JUDGE MANNION)** |
| **CRAIG A. LOWE,** *et al.,* | **:** | |
| **Respondents** | **:** | |

**MEMORANDUM**

**I.    Background**

On February 2, 2017, Petitioner, Joel James, a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

James, who is a native and citizen of Antigua and Barbuda, has been in ICE custody since May 14, 2015. Id. Petitioner challenges his continued detention and seeks his immediate release from custody. Id.

By Letter dated February 16, 2017, Respondent notified this Court that Petitioner had been removed from the United States on February 7, 2017. (Doc. 4, letter).

For the reasons set forth below, the instant petition will be dismissed as moot.

## II. **Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S.

488 (1974)).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 Fed. Appx. 474 (3d Cir. 2005); Gopaul v. McElroy, 115 Fed. Appx. 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 Fed. Appx. 294 (3d Cir. 2006).

In the instant case, because James has been removed from the United States, his request for release from ICE custody pending removal is entirely moot, and the dismissal of his petition as moot is appropriate. An appropriate Order will enter.

## III.   **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. §2253 (as amended)) codified standards governing the issuance of a

certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a §2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000)(en banc) (certificate of appealability not required to appeal from denial of §2241 petition), *abrogated on other grounds by* Gonzalez v. Thaler, 565 U.S. 134, 142 (2012); Kornegay v. Ebbert, 502 Fed.Appx. 131, 133 (3d Cir. 2012). Thus, the Court need not address this issue in the current action.

## IV.    Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 21, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0197-01.wpd